J. S07036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| LUGMAN GARVIN, | : | No. 2095 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, June 9, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0007786-2015

BEFORE:  BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED APRIL 16, 2018**

Lugman Garvin appeals from the June 9, 2016 judgment of sentence entered in the Court of Common Pleas of Philadelphia County following his conviction in a waiver trial of possession of a controlled substance with intent to deliver, possession of a controlled substance, and conspiracy.[1]  The trial court imposed a concurrent sentence of one to two years of incarceration plus two years of probation on the possession of a controlled substance with intent to deliver conviction and no further penalty on the remaining convictions.  We affirm.

The trial court set forth the following:

> Using a confidential informant, the police set up a
> surveillance of 6311 Girard Avenue for the sale of

---

[1] 35 P.S. §§ 780-113(a)(30) and 780-113(a)(16) and 18 Pa.C.S.A. § 903, respectively.

narcotics. Police Officer Charles Kepusniak testified that on June 19, 2015, he observed [appellant] and a female (later identified as Dacia Reeves) standing on the steps of 6311 Girard Avenue. The confidential informant was given forty ($40.00) dollars pre-recorded buy money and was observed going to the house and engaging in conversation with [appellant] and Ms. Reeves. After handing Ms. Reeves the money, all three (3) individuals entered the property together. While the confidential informant was still inside the property, [appellant] exited and was observed talking on a cell phone before going back into the house. An unknown black male then arrived and entered the property; the confidential informant immediately left the house and returned to Officer Kepusniak with two (2) red-tinted packets of crack cocaine and two (2) jars containing a green weed substance (marijuana).

Officer Kepusniak returned to 6311 Girard Avenue on June 22, 2015 and observed [appellant] exit the house and sit on the step. Using a different confidential informant, Officer Kepusniak observed the second confidential informant approach [appellant] on the step and hand him the pre-recorded buy money. [Appellant] was then observed waving to another individual (later identified as Larry Koou) who was standing on the northeast corner of 63rd Street and Girard Avenue; Mr. Koou walked toward the house as soon as [appellant] waved. Mr. Koou approached the house and met the confidential informant between the house where [appellant] was sitting and the corner where Mr. Koou was standing. Officer Kepusniak observed a hand-to-hand transaction between Mr. Koou and the confidential informant; [appellant] was approximately fifteen (15) feet away from the transaction. The confidential informant returned to Officer Kepusniak with packets of marijuana.

On June 24, 2015, a third day-time surveillance was set up; the police also had a search warrant for the property. A short time later, [appellant] and

Mr. Koou walked past the vehicle where Officer Kepusniak had set up surveillance and cut across the street. Both men went into 6311 Girard Avenue for approximately 30 seconds. When they exited, they walked eastbound on the north side of Girard Avenue. Officer Kepusniak gave their description, direction, and location to back-up officers. [Appellant] and Mr. Koou were stopped and placed under arrest at the corner of 63rd Street and Girard Avenue. Ms. Reeves was arrested inside the apartment when the search warrant was executed. Inside the living room, a mattress was found on the floor and next to it was one (1) clear bag with three (3) yellow-tinted packets, each containing an off-white chunky substance (crack cocaine). Mail found inside the residence was in Ms. Reeves [sic] name only.

Police Officer Carlos Buitrago testified that he was working as back-up when Officer Kepusniak executed the search warrant at 6311 Girard Avenue on June 24, 2016. Officer Buitrago stopped [appellant] on the 6300 block of Girard Avenue and recovered One Hundred Six ($106.00) Dollars, a cell phone, and keys to the front exterior door and inside first floor apartment door of 6311 Girard Avenue.

Trial court opinion, 1/25/17 at 2-3 (citations to notes of testimony omitted).

The record reflects that following his conviction and imposition of sentence, appellant filed a timely notice of appeal to this court. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on July 25, 2016, and also requested an extension of time to file a supplemental Rule 1925(b) statement upon receipt of all notes of testimony. The trial court granted that request. The certified record before us, however, demonstrates that appellant did not file a supplemental

Rule 1925(b) statement. On January 25, 2017, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review:

> Did not the trial court err by failing to order the disclosure of the identity of two confidential informants to whom appellant allegedly sold, or conspired to sell, drugs where: 1) appellant's defense was that he was merely present; 2) no police officer witnessed the first drug sale; 3) the informant was the only available civilian eyewitness to the second sale; and 4) the Commonwealth failed to make the required specific showing that the need for nondisclosure outweighed appellant's right to present a defense?

Appellant's brief at 3.[2]

"Our standard of review of claims that a trial court erred in its disposition of an informant's identity is confined to abuse of discretion." ***Commonwealth v. Watson***, 69 A.3d 605, 607 (Pa. Super. 2013) (citation omitted).

> The Commonwealth enjoys a qualified privilege to withhold the identity of a confidential source. In order to overcome this qualified privilege and obtain disclosure of a confidential informant's identity, a defendant must first establish, pursuant to Rule 573(B)(2)(a)(i), that the information sought is material to the preparation of the defense and that the request is reasonable. Only after the defendant shows that the identity of the confidential informant is material to the defense is the trial court required to exercise its discretion to determine whether the information should be revealed by balancing relevant

---

[2] We note that in appellant's Rule 1925(b) statement, he also raised a sufficiency of the evidence challenge. Appellant has abandoned that challenge on appeal.

factors, which are initially weighted toward the Commonwealth.

*Id.* at 607-608 (citations omitted).

In his brief, appellant contends that he met his initial burden of demonstrating that disclosure of the identities of the two confidential informants ("CIs") was material to the preparation of his defense that he was "merely present" during the drug transactions. (Appellant's brief at 10-11.) As such, appellant argues that because he testified at the hearing on his motion that he did not sell narcotics to those CIs, "[h]e was wrongly deprived of the opportunity to call the [CIs] as his witnesses at trial in the hopes that their testimony would corroborate his own." (*Id.* at 12).

In his motion to compel the identities of the CIs, however, appellant stated that he would "present a defense of mistaken identity and/or fabrication at trial." (Appellant's "motion to compel disclosure of confidential informant identity or dismiss all charges," 12/3/15 at unnumbered page 3, ¶ 4). Indeed, during oral argument on his motion, appellant argued that his "defense in this case is police fabrication" with respect to the first drug transaction and that "the police made a mistake or it's a fabrication" with respect to the second drug transaction. (Notes of testimony, 12/4/15 at 5, 16.) On appeal, appellant now claims that the trial court erred in denying his motion to disclose the identities of the CIs because disclosure was material to his defense of mere presence. (Appellant's brief *in passim*.) Because the record belies appellant's claim that his defense was mere

presence and because appellant failed to raise this issue in the trial court, appellant waives the issue on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/18